UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA JEAN SEWELL, <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br> Defendant. | No. 2:12-cv-03036 CKD <br><br> ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born October 9, 1963, applied for Title II Disability Insurance Benefits on July 13, 2009, alleging disability beginning June 1, 2006. Administrative Transcript ("AT") 140. Plaintiff alleged she was unable to work due to a back problem, fibromyalgia, migraines, depression, and suicidal attempts. AT 163. In a decision dated May 25, 2011, the ALJ determined that plaintiff was not disabled. AT 22-29. The ALJ made the following findings

(citations to 20 C.F.R. omitted):

> 1. The claimant has last met the insured status requirements of the Social Security Act on June 30, 2007.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2006 through her date last insured of June 30, 2007.
>
> 3. Through the date last insured, the claimant had the following medically determinable impairments: remote history of lumbar spinal fusion surgery, headaches, and prescription medication abuse.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except: she could have occasionally climbed ladders, ropes, or scaffolds; she must have avoided even moderate exposure to hazards due to the side effects of her medications; and she could have performed unskilled work.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 7. The claimant was born on October 9, 1963 and was 43 years old, which is defined as a younger individual age 18-49, on the date last insured.
>
> 8. The claimant has a least a high school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2006, the alleged onset date, through June 30, 2007, the date last insured.

AT 24-29.

/////

2

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ's mental residual functional capacity findings are not supported by substantial evidence, and (2) the ALJ failed to properly consider plaintiff's subjective testimony. ECF No. 17.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

ANALYSIS

    A.  Mental Residual Functional Capacity

Plaintiff argues that ALJ's mental residual functional capacity (RFC) findings are not supported by substantial evidence. ECF No. 17 at 8. In doing so, she asserts that the ALJ failed to properly evaluate the medical opinions of Drs. Tyl and West. Id. at 10. Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing RFC. SSR 96-8p. RFC is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2012); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (RFC reflects current "physical and mental capabilities"). An individual's RFC is "based on all the relevant evidence in [the individual's] case record." Id. To be entitled to disability benefits, plaintiff must establish that her disability existed on or before her insured status expired. See Artis v. Barnhart, 97 Fed.Appx. 740, 741 (9th Cir. 2004); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir.1998); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). Thus, the relevant evidence pertaining to plaintiff's mental RFC must have a bearing on her functional limitations during the time period between her alleged onset date, June 1, 2006, and when her insured status expired, June 30, 2007.

The ALJ first reviewed the opinion of Dr. Acinas. AT 26-27. Dr. Acinas reviewed the entire record and made the following findings: plaintiff could lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; plaintiff could stand and/or walk for about 6 hours in an 8-hour workday, with normal breaks; plaintiff could sit for about 6 hours in an 8-hour workday, with normal breaks; plaintiff could frequently perform postural activities, except that she could occasionally climb ladders, ropes, and scaffolds; and, plaintiff should avoid concentrated exposure to noise and moderate exposure to hazards. Id.; AT 601-12. The ALJ noted that the opinion of Dr. Acinas was consistent with the evidence in the record indicating that the claimant's conditions were relatively controlled prior to the date last insured. Id. at 27. Specifically, the ALJ found that this opinion indicated that plaintiff had significant work-related abilities during the relevant time period despite her impairments. Id. at 26. In this regard, the ALJ gave the opinion of Dr. Acinas significant weight. Id. However, the ALJ found that the

4

1  limitations in Dr. Acinas' opinion pertaining to plaintiff's left upper extremity were unpersuasive
2  because plaintiff did not seek treatment for upper extremity condition until after the date last
3  insured. Id. at 27. In this regard, the ALJ assigned Dr. Acinas' opinion little weight. Id.
4     The ALJ also reviewed the opinions of Drs. West and Tyl. AT 27. In doing so, the ALJ
5  noted that these opinions concern plaintiff's functioning during an irrelevant time period. Id.
6  Specifically, the ALJ stated that these opinions are based on internal medicine and psychological
7  evaluations that were administered over a year after the date last insured. Id. The ALJ also noted
8  that Dr. West's opinion was based on a limited review of the record, namely, he did not review
9  the treatment records. Id. Although the ALJ acknowledged that Dr. Tyl agreed with Dr. West's
10 opinion, she assigned the opinions little weight for the reasons stated above. Id.
11    Although plaintiff does not dispute the findings in Dr. Acinas' opinion, she considers that
12 opinion to be "the outlier" relative to the opinions of Drs. West and Tyl. ECF No. 17 at 9.
13 Plaintiff asserts that Dr. West's opinion should be credited because Dr. Tyl had the benefit of
14 reviewing the whole record and made similar findings to those made by Dr. West. ECF No. 17 at
15 9. Plaintiff fails to recognize, however, that Dr. Tyl's opinion indicates that his evaluation of
16 plaintiff's disability related to the time period of July 10, 2009 up to the date of his opinion. Dr.
17 Tyl specifically found that there was insufficient evidence to determine a mental impairment for
18 the time period between June 1, 2006 and June 30, 2007. AT 634.
19    In an attempt to strengthen her argument that the ALJ erred in making her mental RFC
20 findings, plaintiff also asserts that the ALJ was required to call on the services of a medical
21 advisor to establish an onset date of her disability because she was found medically disabled on a
22 subsequent Social Security Income application. ECF No. 17 at 10. An applicant for SSI benefits
23 is only eligible for benefits beginning a month prior to the application date. 20 C.F.R. § 416.200
24 et seq. Thus, the fact that plaintiff was later found to be disabled has no bearing on this Court's
25 analysis concerning the time period between her alleged onset date and the date she was last
26 insured. Plaintiff's subsequent application also does not change the fact that there is insufficient
27 medical evidence pertaining to a mental impairment which predates her date last insured.
28 /////

For these reasons, it is clear that plaintiff has failed to establish that a mental disability existed on or before June 30, 2007, when her insured status expired. The opinions of Drs. West and Tyl do not concern the relevant time period. Furthermore, plaintiff failed to establish any other evidence pertaining to the relevant time period that contradicts the ALJ's RFC finding, which was based primarily on Dr. Acinas' opinion. Therefore, the ALJ's mental RFC determination was based on substantial evidence and the ALJ did not err in evaluating the medical opinions of Drs. West and Tyl.

### B. Plaintiff's Credibility

Plaintiff argues that the ALJ failed to properly credit her testimony. ECF No. 17 at 10. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ

1  in determining whether the alleged associated pain is not a significant nonexertional impairment.
2  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part,
3  on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.
4  1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6
5  (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the
6  Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."
7  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

8     Plaintiff testified that prior to her date last insured, she was not dependable for work due
9  to her medications and migraines, she often missed work, she was inactive, her medications
10 caused memory problems, and she felt that she was unable to function. AT 44-52. The ALJ
11 found that plaintiff's medically determinable impairments could reasonably be expected to cause
12 her alleged symptoms. AT 26. However, the ALJ also found that plaintiff's statements
13 concerning the intensity, persistence, and limiting effects of the symptoms were not credible to
14 the extent that they were inconsistent with her RFC. Id. The ALJ noted that plaintiff's
15 allegations were inconsistent with her own statements, observations of treating sources, and Dr.
16 Acinas' opinion. Id. Specifically, the ALJ noted that plaintiff was independent with activities of
17 daily living, denied weakness, and was functional prior to her date last insured. AT 26, 238, 258,
18 421, 423, 430, 442, 446. In a functional report filled out by plaintiff, she reported taking care of
19 her father and daughter and performing simple chores. AT 179-186; see also AT 866 (plaintiff
20 reported to treating physician that she was "having more active lifestyle in Washington, caring for
21 5 acres and unpacking"). The ALJ also noted that the medical evidence from prior to plaintiff's
22 date last insured shows that she had no difficulty walking, that she had no neurological deficits,
23 and that physical examinations revealed little significant findings. AT 26, 421, 422, 424, 431,
24 447, 479. Dr. Acinas, who reviewed all of plaintiff's medical records from the relevant time
25 period, also considered plaintiff's headaches but concluded plaintiff was capable of full time
26 work.
27 /////
28 /////

AT 26, 607-612.[1] The factors considered by the ALJ were all valid and fully supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and,

3. Judgment is entered for the Commissioner.

Dated: August 19, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

33/4 sewell3036.ss

---

[1] Although defendant articulates several other reasons for discrediting plaintiff, this court reviews the adequacy of the reasons specified by the ALJ, not the post hoc conclusions of the agency. See Bunnell, 947 F.2d at 345-46.